IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, *as Trustee on behalf of* the Holders of the Home Equity Asset Trust 2006-5 Home Equity Pass-Through Certificates, Series 2006-5,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA B. WILLIAMS, *a/k/a/* Sandra Williams and all others residing at 2736 Lakeside Drive SW, Conyers, GA 30094,<br><br>Defendants. | CIVIL ACTION NO. 1:20-CV-1009-TCB-JSA<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**ORDER AND FINAL REPORT AND RECOMMENDATION** |

Defendant Sandra B. Williams, proceeding *pro se*, seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that Defendant is unable to pay the filing fee or incur the costs of this action. The requirements of 28 U.S.C. § 1915(a)(1) are thus satisfied and Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**. This action shall therefore proceed as any other civil action and Defendant is allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The Court must therefore examine Defendant's "Notice of Removal and federal Stay of Dispossessory Action Pursuant to 28 USCA 1446(d)" [1-1] ("Notice") and "Petition for Removal of Action & Answer" [1-2] ("Petition") to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state-court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936). *See also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

The Court has reviewed the record and determined that the Defendant has not established federal question jurisdiction. Defendant does not appear to contend that Plaintiff has asserted any federal claims in the subject state-court action. Rather, Plaintiff has brought a dispossessory action against Defendant in the Magistrate Court of Rockdale County, *see* Notice [1-1] at 4, a proceeding that is governed by state law which does not typically implicate federal law. Defendant has not identified any federal question that the state-court dispossessory action raises that would allow removal to this Court under 28 U.S.C. § 1441.

Defendant claims that Plaintiff's state-court action violates her rights under the Fourteenth Amendment to the United States Constitution and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq. See* Notice [1-1] at 1; Petition [1-2] at 1. But attempting to remove this action based on defenses or counterclaims that invoke federal law is an improper basis for removal. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("Defendants' defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if Defendant had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). Defendant resides in Conyers, Georgia and has not indicated that she is a citizen of another state. *See* Notice [1-1] at 1. Thus, this action may not be removed on the basis of diversity jurisdiction.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed, the Court **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Rockdale County. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 10th day of March, 2020.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE