IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:20-cv-1009-TCB |
| SANDRA B. WILLIAMS, | |
| Defendant. | |

**O R D E R**

This case comes before the Court on Magistrate Judge Justin S. Anand's final report and recommendation (the "R&R") [3], which recommends remanding this action to the Magistrate Court of Rockdale County. Williams has filed objections [7].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take

different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The R&R recommends remanding this action to the Magistrate Court of Rockdale County because it is a dispossessory action over which the Court lacks jurisdiction. The Court agrees. To the extent Williams argues in her objections that she seeks to assert a counterclaim or defense raising a federal question, such an argument fails. Neither can serve as the basis for federal question jurisdiction. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("If a federal question is not presented on the face of the complaint, 'it is no substitute that the defendant is almost certain to raise a federal defense.'"); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) ("Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents."). Further, because Williams is a Georgia citizen she cannot remove this action based on diversity jurisdiction.

The Court agrees with the findings of the R&R [3] that the underlying matter is a state dispossessory action over which the Court lacks jurisdiction. Accordingly, the Court overrules Williams's objections [7] and adopts as its order the R&R [3]. The Clerk is directed to remand this action to the Magistrate Court of Rockdale County and to close this case.

IT IS SO ORDERED this 25th day of March, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge